IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 05-1328 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 5th day of March, 2007, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if

supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (<u>citing</u> <u>Cotter v. Harris</u>, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

While substantial evidence supports the findings of the Administrative Law Judge ("ALJ"), Plaintiff does raise one issue warranting further discussion. Plaintiff argues that this Court should remand this case because the ALJ's credibility finding failed to acknowledge or evaluate Plaintiff's long work history as a factor. The Court disagrees and finds remand on this issue unwarranted.

The ALJ found Plaintiff "not fully credible" to the extent that he alleges he does not retain the capacity to perform his past relevant work. In so doing, the ALJ cited to the medical evidence which he found supported a finding that Plaintiff's impairments reasonably may be expected to produce some fatigue, but not to the extent that it precluded Plaintiff from performing his past relevant work, and to Plaintiff's ability to drive. (Tr. 18). While Plaintiff is correct that the ALJ did not, in making this determination, specifically reference his long work history, it was not error not to do so in this case.

A claimant's testimony regarding his subjective pain/fatigue and work capabilities is entitled to great weight where it is supported by competent medical evidence. Furthermore, when the claimant has worked for a long period of time, his testimony about his work capabilities should be accorded substantial credibility. See <u>Dobrowolsky v. Califano</u>, 606 F.2d 403, 409 (3d Cir. 1979); <u>Taybron v. Harris</u>, 667 F.2d 412, 415 n. 6 (3d Cir. 1981); <u>Podedworny v. Harris</u>, 745 F.2d 210, 217 (3d Cir. 1984). However, an ALJ does not err by failing to afford a claimant heightened credibility based *solely* on his work history. See <u>Corley v. Barnhart</u>, 102 Fed. Appx. 752, 755 (3d Cir. 2004). There generally must be other factors, such as evidence of severe impairments or attempts to return to work, for a claimant to be entitled to heightened credibility. See <u>id.</u> Here, the ALJ clearly found that any claim by Plaintiff that his fatigue precluded him from working was not supported by the competent medical evidence reviewed earlier in his decision. Further, while he did not, in his decision, discuss Plaintiff's work history, there is no evidence in the record of any additional factors, such as severe impairments or attempts to return to work, that would warrant a finding of heightened credibility. Moreover, the Court notes that Plaintiff's work history was discussed at length at the hearing before the ALJ and is evidenced in the record, and was therefore known to the ALJ when he made his credibility determination. (Tr. 45, 352-58).

Since the ALJ's credibility determination, despite not explicitly discussing Plaintiff's work history, is supported by substantial evidence, remand on this issue is unwarranted. See <u>Vanatta v. Barnhart</u>, 327 F. Supp. 2d 1317, 1321 (D. Kan. 2004).

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 9) is DENIED and defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

<u>s/Alan N. Bloch</u><br>
United States District Judge

ecf:    Counsel of record